[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 4 November 1994 Date of Application 4 November 1994 Date Application Filed 5 December 1994 Date of Decision 27 June 1995
Application for review of sentence imposed by the Superior court, Judicial District of Hartford/New Britain at Hartford.
Alice Grey, Esq., for the Petitioner. CT Page 8662
Carl Taylor, Esq., for the State.
BY THE DIVISION
The Petitioner pled guilty to two counts of Robbery 1st in violation of Conn. Gen. Stat. § 53a-134 (a)(3); three counts of Larceny I, in violation of Conn. Gen. Stat. § 53a-122; two counts of Larceny 2nd in violation of Conn. Gen. Stat. §53a-123; one count of Larceny 3rd, in violation of Conn. Gen. Stat. § 53a-124; and a violation of probation in violation of Conn. Gen. Stat. § 53a-32. The court imposed a sentence of fifteen years, execution suspended after eight years with five years probation.
The facts show that the Petitioner robbed two separate victims with a knife on one occasion and a gun on another. I The Petitioner was identified by each of the victims. In the Larceny cases, the pattern of the crime was very similar. The Petitioner was picked up by the victims for the purpose of sex. Once a financial agreement was reached, the Petitioner declared she was a police officer, verbally and with her actions. After placing the victims "under arrest" she would then coerce money from the victims in order to be freed by her. Her violation of probation was for previous offenses of prostitution and failure to appear.
At the hearing, counsel for the Petitioner stated she, the Petitioner, was not given a real right to argue during the sentencing by the court. She felt the court did not give sufficient consideration to her cooperation with the police, her physical abuse as a child and her sexual and emotional abuse by her foster family. Counsel noted that the Petitioner was HIV positive and addicted to drugs and that her crimes were ways for her to support that addiction. It was claimed to the panel that Petitioner did not use a gun in the robbery and that the victims/johns were participating in criminal activity by seeking sexual favors and that the sentencing court failed to give those thoughts proper emphasis. Counsel read a statement by the Petitioner in which she noted that no one was hurt by her crimes and that she had changed. CT Page 8663
The state felt that the Petitioner has failed to avail herself of treatment while on probation and that the state has already extended consideration to the Petitioner. Counsel felt that her sentence was light based upon the number of crimes and the seriousness of her actions.
In reviewing the sentencing court's remarks, we find that the court did take into consideration the Petitioner's background and all of its complications. The court recognized the intellectual potential of the Petitioner and felt that she has failed to change her ways when she has the ability to do so. The court finally felt that the Petitioner must be held accountable and responsible for her conduct. When reviewing the sentence imposed by the court with P.B. § 942, we find that it is appropriate and proportionate due to the numerosity and nature of the offenses. The Petitioner has demonstrated a propensity to commit crimes, there is a need to protect the public from such criminal activity.
The sentence is AFFIRMED.
Norko, J.
Purtill, J.
Stanley, J.
Norko, J., Purtill, J. and Stanley, J., participated in this decision.